UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BILLY MCGUIRE, ) | |
|     Plaintiff, ) | |
| ) | Case No.: _____ |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Defendant. ) | |

## COMPLAINT FOR DAMAGES IN A CIVIL CASE

Plaintiff, Billy McGuire ("Plaintiff") by counsel, Sweeney Law Firm, brings this action against the Defendant, United States of America, and for his Complaint alleges and says as follows:

### PARTIES

1. Billy McGuire is a citizen of Kendallville, Indiana.

2. The Defendant is the United States of America. At all times relevant hereto, the United States acted through its agency, the Department of Veterans Affairs ("VA"), its subdivision, the Veterans Health Administration ("VHA"), and the employees of those agencies.

3. At all times relevant hereto, the Defendant employed a podiatrist, Dr. Bradley R. Hammersley ("Dr. Hammersley"), to provide podiatric medical care and treatment at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana and Marion, Indiana.

4. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant.

### JURISDICTION AND VENUE

5. Because the United States is the Defendant in this case, this Court has jurisdiction under 28 U.S.C. §1346.

6. The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

7. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant and was an "employee of the government" as defined by 28 U.S.C. §2671.

8. Because Dr. Hammersley was acting within the scope and course of his employment as an "employee of the government" at all times relevant hereto, the Defendant is not entitled to the "Independent Contractor Exception," pursuant to *Edison v. United States*, 822 F.3d 510, 2016.

9. Because Dr. Hammersley was an "employee of the government" at all times relevant hereto, the Defendant is not entitled to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

10. Pursuant to 28 U.S.C. §1391(e)(1), venue is proper within the Northern District of Indiana Fort Wayne Division because the events or omissions giving rise to this action occurred in this District.

11. Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. §2675(a).

12. Pursuant to 28 U.S.C. §2675(a), Plaintiff submitted a Standard Form 95 ("SF95") to the Veterans Administration on March 2, 2018 detailing his claim against the Defendant.

13. On August 1, 2018, the VA sent Plaintiff a letter indicating that his claim was denied because the "tort claim is barred unless it is presented within two years after the claim accrues, as provided in section 2401(b), title 28, United States Code (U.S.C.)."

14. Pursuant to 28 U.S.C. §2401(b), Plaintiff files this action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

15. Plaintiff first learned that the care provided to him by Dr. Hammersley was malpractice when he met with VA administrators on approximately March 1, 2018 and then again on approximately March 7, 2018 (the date on the Disclosure).

16. Plaintiff could not have learned that the acts and/or omissions by Dr. Hammersley were malpractice until he met with the VA administrators on approximately March 1, 2018 and then again on approximately March 7, 2018 (the date on the Disclosure).

17. There is a class-action lawsuit (*Colombini et al. v. United States*) pending before this Court to determine whether plaintiffs similarly situated with McGuire can move forward with their malpractice claims.

18. McGuire currently is a plaintiff in the aforementioned class-action suit.

19. Since Plaintiff is a member of the aforementioned class-action suit, Plaintiff respectfully requests that this action be continued until the superseding action has been resolved.

20. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

## STATEMENT OF CLAIM

21. Plaintiff presented to Dr. Hammersley on June 29, 2012 and was diagnosed with a chronic rupture of the peroneus brevis tendon left ankle, DM neuropathy, and difficulty walking. Dr. Hammersley discussed conservative and surgical correction options with Plaintiff, who opted for surgical correction.

22. On October 12, 2012, Dr. Hammersley performed surgery on Plaintiff, and the surgery notes document that a repair of peroneus brevis tendon with human dermal graft application was performed on Plaintiff's left leg. A follow-up MRI indicated neither tendon had a tear, and images showed the performed surgery was not indicated.

23. Dr. Hammersley consented Plaintiff for an Achilles tendon repair with graft, but the surgery actually performed was a repair of peroneus brevis tendon with human dermal graft application.

24. According to the Institutional Disclosure of Adverse Event ("Disclosure") from the VA dated March 13, 2018 (attached hereto as Exhibit 1), Dr. Hammersley committed malpractice by failing to properly diagnose and treat Plaintiff, by using inappropriate implants or hardware during the surgery, and by incorrectly consenting patient for surgery.

25. On approximately March 1, 2018 and/or March 7, 2018, Plaintiff was notified by VA administrators that Plaintiff was the victim of malpractice at the hands of Dr. Hammersley and that Plaintiff had the right to file a claim against the VA.

26. In the March 13, 2018 Disclosure, the VA admitted that Dr. Hammersley committed malpractice in connection with his care and treatment of Plaintiff.

27. As a direct and proximate result of the Defendant's negligence, McGuire has ongoing left ankle pain.

28. As a direct and proximate result of the Defendant's negligence, Plaintiff has experienced a loss in quality and enjoyment of life.

29. Plaintiff is seeking the applicable elements/categories of damages as set forth in Indiana Model Civil Jury Instructions ("IMCJI") 703.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against the Defendant and respectfully requests compensatory damages that are commensurate with the harm suffered by Plaintiff and for all losses, injuries and damages, including the costs of this action and for all other just and proper

relief in these premises.  Plaintiff also requests an order continuing any further proceedings in this case until the aforementioned, superseding class-action suit is decided.

Pursuant to 28 U.S.C. §2675(b), Plaintiff seeks damages equal to the amount that Plaintiff presented to the VA in his SF95.  If any newly discovered evidence not reasonably discoverable at that time of the filing of the SF95 is discovered, Plaintiff reserves the right to claim damages in excess of the damages sought in the SF95.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted this 23rd day of January 2019,

"/s/" David L. Farnbauch
David L. Farnbauch (#11187-45)
SWEENEY LAW FIRM
8019-B Lima Road
Fort Wayne, IN 46818
(260) 420-3137
Email: dlf@sweeneylawfirm.com

"/s/" Nicholas L. King
Nicholas L. King (#30709-49)
COWAN & KING, LLP
P.O. Box 90379
Indianapolis, IN 46290
(317) 246-8784
Email: nlk@cowanandking.com